UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE STEADY STATE,<br><br>      Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY,<br><br>      Defendant. | Civil Action No. 26-2240 (CRC) |

## **ANSWER**

Defendant, the Department of Homeland Security ("DHS"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff, The Steady State ("Steady State"), alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 ("FOIA"). Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed as, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Defendant responds to the Complaint in like-numbered paragraphs[1] as follows:

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

**PRELIMINARY STATEMENT**

1. This paragraph consists of Plaintiff's characterization of this action and the FOIA request at issue in this litigation. To the extent a response is deemed required, Defendant admits that Plaintiff purports to bring this action under FOIA but otherwise denies the allegations therein. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

2. Defendant admits that, as of the date of the filing of the Complaint, it had not produced documents responsive to, or made a determination regarding, Plaintiff's FOIA request. Defendant avers that it has communicated with Plaintiff regarding the estimated wait time for its request.

**JURISDICTION AND VENUE**

3. This paragraph consists of Plaintiff's legal conclusion regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant only admits that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

4. This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant avers that the Court lacks subject matter jurisdiction to award relief that exceeds that authorized by the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

5. This paragraph consists of Plaintiff's legal conclusion regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue lies in this judicial district for a properly stated FOIA claim.

- 2 -

6.      This paragraph consists of Plaintiff's legal conclusions regarding attorneys' fees and costs, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is eligible for or entitled to costs or attorneys' fees.

## PARTIES

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.      Defendant admits that DHS is an agency within the meaning of FOIA and that DHS is headquartered in Washington, D.C.  The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

9.      Defendant admits that U.S. Customs and Border Protection ("CBP") and U.S. Immigration and Customs Enforcement ("ICE") are components of DHS.  Defendant avers that the DHS Privacy Office is an office within DHS Headquarters and is not considered a component of DHS.

10.     The allegations in this paragraph consist of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

## STATEMENT OF FACTS

11.     This paragraph consists of Plaintiff's characterization of unspecified news reports to which Defendant is unable to respond.  Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations

in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).

12.     To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.     This paragraph consists of Plaintiff's characterization of a news article.  Defendant respectfully refers the Court to the article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.     This paragraph consists of Plaintiff's characterization of unspecified reports, to which Defendant is unable to respond.  Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in

this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.     This paragraph consists of Plaintiff's characterization of a legal filing in a separate matter. Defendant respectfully refers the Court to that filing for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.     This paragraph consists of Plaintiff's characterization of a legal filing in a separate matter. Defendant respectfully refers the Court to that filing for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.     This paragraph consists of Plaintiff's characterization of a legal filing in a separate matter. Defendant respectfully refers the Court to that filing for a complete and accurate statement

of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18. This paragraph consists of Plaintiff's characterization of a news article. Defendant respectfully refers the Court to the article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19. This paragraph consists of Plaintiff's characterization of a news article. Defendant respectfully refers the Court to the article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20. This paragraph consists of Plaintiff's characterization of a letter. Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22. This paragraph consists of Plaintiff's characterization of a news article. Defendant respectfully refers the Court to the article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the

allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23. This paragraph consists of Plaintiff's characterization of a news article. Defendant respectfully refers the Court to the article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24. This paragraph consists of Plaintiff's characterization of a news article. Defendant respectfully refers the Court to the article for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. Further, to the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant presently lacks knowledge or information

sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

<u>Plaintiff's FOIA Request</u>

26. Defendant admits that Steady State submitted a FOIA request to CBP, DHS Privacy, and ICE on April 6, 2026. Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

27. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

29. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

30. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed required, Defendant

respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

31.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

32.     Defendant admits that CBP sent an email acknowledging receipt of Plaintiff's FOIA request on April 20, 2026, and CBP assigned the request the FOIA tracking number CBP-FO-2026-083943.  The remainder of this paragraph refers to and characterizes CBP's April 20, 2026 acknowledgement email.  Defendant respectfully refers the Court to the email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

33.     Defendant admits that CBP denied Steady State's request for expedited treatment via email on April 20, 2026.  Defendant respectfully refers the Court to that email for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

34.     Admitted.

35.     Admitted.

36.     Admitted.  Defendant avers that, as of the date of the filing of the Complaint, ICE had not sent a formal acknowledgement of Plaintiff's FOIA request.

37.     Defendant admits that CBP and DHS Privacy received an email on behalf of Plaintiff on June 15, 2026, regarding the status of its FOIA request.  Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding ICE.

- 10 -

38. Defendant admits that CBP did not respond to Plaintiff's June 15, 2026 email regarding the status of its FOIA request. Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding ICE.

39. Defendant admits that DHS Privacy responded to Plaintiff on June 15, 2026, and provided an estimated wait time of 6-9 months.

40. Defendant admits that DHS Privacy informed Plaintiff that parts of Plaintiff's FOIA request are under the purview of ICE, and that DHS Privacy transferred the request to the ICE FOIA Officer for processing and direct response to Plaintiff.

41. Defendant admits that, as of the date of the filing of the Complaint, DHS has not produced any records in response to Plaintiff's FOIA request. The remainder of the paragraph consists of legal conclusions, to which no response is required.

### COUNT ONE:

### *Violation of Statutory Deadline*

42. Defendant repeats and realleges its responses to the preceding paragraphs as though fully set forth herein.

43. This paragraph consists of legal conclusions, to which no response is required.

44. This paragraph consists of legal conclusions, to which no response is required.

45. This paragraph consists of legal conclusions, to which no response is required.

46. Defendant avers that, as of the date of the filing of the Complaint, Defendant had not provided documents to Plaintiff in response to Plaintiff's request.

47. Defendant admits that CBP invoked unusual circumstances but denies the allegation that DHS Privacy did not also invoke unusual circumstances. DHS Privacy stated in its May 12, 2026 acknowledgment letter to Plaintiff that there is an increased number of FOIA

requests received by DHS that may delay processing of Plaintiff's request and stated that while the Department's goal is to respond within 20 business days of receipt of the request, FOIA permits a 10-day extension of this time period.

48.     This paragraph consists of legal conclusions, to which no response is required.

## COUNT TWO

### *Unlawful Withholding of Agency Records*

49.     Defendant repeats and realleges its responses to the preceding paragraphs as though fully set forth herein.

50.     This paragraph consists of legal conclusions, to which no response is required.

51.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

52.     This paragraph consists of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies that it is in violation of FOIA.

## RELIEF REQUESTED

The remainder of the Complaint consists of Plaintiff's requested relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested. Further, to the extent these paragraphs are deemed to contain factual allegations, Defendant denies those allegations.

Pursuant to Rule 8(b)(3), Defendant denies allegations in the Complaint not specifically admitted to herein.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant

through the course of the litigation. Defendant does not assume the burden of proving any of these defenses or their elements where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to process the FOIA requests. *See* 5 U.S.C. § 552(a)(6).

### SECOND DEFENSE

Plaintiff is not entitled to compel production of any record or portion of any record that FOIA or any other federal law excludes, exempts, or otherwise protects from disclosure.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized under FOIA, including declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### FOURTH DEFENSE

Plaintiff's FOIA request is improper to the extent it is unduly burdensome or does not reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A).

### FIFTH DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### SIXTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

**SEVENTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff's complaint that they would not otherwise be required to answer, and that are not material to Plaintiff's FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that Plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

**EIGHTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

Dated: August 2, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ William Thanhauser*
WILLIAM THANHAUSER
D.C. Bar #1737034
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7706

*Attorneys for the United States of America*